57 F.3d 1079
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Antoinette WALKER, Plaintiff-Appellant,
v.
CITY OF OAKLAND, George Hart, and Does 1 through 25,
Defendants-Appellees.
 Nos. 93-16110, 93-16649.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 13, 1995.
Decided June 14, 1995.
 
 Before: FLETCHER, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Antoinette Walker appeals the district court's dismissal of her Title VII claim against the City of Oakland and George Hart, the Oakland Police Department's ("OPD") Chief of Police, after she presented her case in chief in a bench trial. Walker also appeals the district court's award of costs to the defendants. We have jurisdiction and affirm.
 
 
 3
 * Walker claims that the defendants discriminated against her on the basis of her sex by not promoting her to sergeant. Consideration of her claim requires an understanding of the system OPD employs to determine whom to promote. Police officers who pass the sergeant's exam are ranked on an eligibility list according to their test scores. When a position becomes available, Hart considers a small "band" of candidates from the top of the list. After conferring with his three deputy chiefs, Hart decides which candidates within the band to recommend to the City Manager for promotion. Candidates who are considered for a vacant position but are passed over remain on the eligibility list to be considered when and if another position opens. Once a candidate is passed over six times, however, she is removed from the list.
 
 
 4
 Walker ranked eleventh of the 41 officers on the 1988 eligibility list. She was considered but not promoted in bands in September and November of 1988. Walker was considered for promotion a third time in January of 1989 and was recommended for promotion. Shortly after this recommendation, however, Walker was involved in a physical altercation with a fellow officer, and Hart rescinded the recommendation. After Walker was considered and passed over in the next three bands, her name was removed from the 1988 list.
 
 
 5
 After Walker had completed her case in chief in a bench trial of her Title VII claim, the district court granted the defendants' motion for a favorable judgment pursuant to Federal Rule of Civil Procedure 52(c), and ordered Walker to pay the defendants' costs.
 
 II
 
 6
 The district court determined that Walker's promotion was revoked because of her involvement in the physical altercation and that neither the investigation of the incident nor Chief Hart's decision was discriminatory. Walker does not appeal this aspect of the district court's decision. The only claim before us on appeal is Walker's claim that the defendants discriminated against her by failing to promote her in the September and November bands.
 
 
 7
 Walker argues that the district court erred in determining that she had not established a prima facie case of discrimination. Relying on our decision in White v. San Diego, 605 F.2d 455 (9th Cir.1979), the district court held that Walker failed to establish that she had been "rejected" because OPD continued to consider her for promotion after the September and November bands and actually selected her for promotion in January.
 
 
 8
 We need not decide whether Walker established a prima facie case of discrimination, which in part requires the plaintiff to show "that, despite [her] qualifications, [s]he was rejected." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1978) (emphasis added). The district court dismissed Walker's suit not only because Walker failed to establish a prima facie case, but also because, after hearing Walker's case in chief, the court was persuaded by a preponderance of the evidence that the defendants had not intentionally discriminated against Walker. See Johnson v. United States Postal Serv., 756 F.2d 1461, 1464 (9th Cir.1985) (district court may dismiss pursuant to Rule 52(c) because a preponderance of the evidence favors the defendants). Because the district court had before it all of the evidence it needed to decide the ultimate issue of whether the defendants intentionally discriminated against Walker, and the district court actually did reach this issue, whether Walker established a prima facie case is no longer relevant. United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 715 (1983). We focus instead on the district court's determination that the defendants did not intentionally discriminate against Walker, and we reverse only if the district court clearly erred. See id. at 716.
 
 
 9
 The vast majority of the men promoted ahead of Walker had received work evaluations superior to Walker's. Although Walker appears to have been at least as well qualified as one candidate promoted in the September band, that candidate had been passed over in an earlier band, and Hart testified that, when faced with similarly qualified candidates, he tended to prefer candidates who had been considered previously over candidates who were under consideration for the first time. The district court's determination that Walker was passed over for legitimate, nondiscriminatory reasons is not clearly erroneous.
 
 III
 
 10
 Walker also appeals the district court's award of $8,924.67 in costs to the defendants. She argues that the district court should have rejected the defendants' bill because it was not filed within ten days of the district court's judgment, as required by Rule 265-2 of the Local Rules of Practice for the Northern District of California, and should not have awarded costs because the defendants are more capable of bearing litigation costs than she.
 
 
 11
 The district court accepted the defendants' late request to tax costs because "the delay was accidental, and the delay has not caused any prejudice to plaintiff." The district court awarded costs because, although "a difference in economic circumstances is a relevant consideration, this court does not believe that plaintiff can sue a public entity, impose substantial expenses upon that public entity, and be immune from an award of cost[s] simply on the basis of the disparity in their financial positions." The district court carefully scrutinized the defendants' bill of costs and disallowed certain expenses that did not appear warranted. We cannot say that the district court abused its discretion. See Moore v. Hughes Helicopters, Inc., 708 F.2d 475, 486 (9th Cir.1983).
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3